```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-5-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HARRIS INTERACTIVE INC.,

        Plaintiff,

        -against-

CHIRAG VYAS,

        Defendant.
-------------------------------------------------------------X

Case No.: 13 CIV 5029 (JFK)(DF)

CONSENT ORDER AND
JUDGMENT FOR PERMANENT
INJUNCTION

THIS CONSENT ORDER AND JUDGMENT FOR PERMANENT INJUNCTION ("Consent Judgment") is entered into by and between plaintiff Harris Interactive Inc ("Harris" or "Plaintiff"), by its attorneys Smith, Gambrell & Russell, LLP, and defendant Chirag Vyas ("Vyas" or "Defendant"), by his attorneys Panchal Associates, LLP and Hutner Klarish LLP (each referred to as a "Party" and collectively as "Parties").

WHEREAS, Harris brought this action against Vyas for, among other things, breach of the Confidentiality, Non-Competition and Non-Solicitation Agreement made on August 8, 2012 by and between Harris and Vyas ("Restrictive Covenant Agreement"); and

WHEREAS, Harris moved this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for an order, among other things, preliminarily enjoining and restraining Vyas from taking any actions in violation of the Restrictive Covenant Agreement; and

WHEREAS, on July 19, 2013, this Court signed an Order to Show Cause ("Order to Show Cause") which contained temporary restraints on, among other things, Vyas's divulging Harris's confidential information to any third-party or using Harris's confidential information for Vyas's benefit or the benefit of any person or entity other than Harris;

WHEREAS, on August 13, 2013, this Court signed a Consent Permanent Injunction and Order which contained permanent restraints on, among other things, Vyas's divulging Harris's confidential information to any third-party or using Harris's confidential information for Vyas's benefit or the benefit of any person or entity other than Harris;

WHEREAS, Vyas consents to the entry of an Order and Judgment for permanent injunctive relief as set forth in the Verified Complaint filed in this action.

NOW, THEREFORE, Harris and Vyas agree, and it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

I.

## JURISDICTION

(a) The Court has jurisdiction over the subject matter of the claims set forth in this Consent Judgment and over the Parties to this Consent Judgment pursuant to 28 U.S.C.A. §1332. This Court has personal jurisdiction over Defendant who waives all objections and defenses he may have to the jurisdiction of this Court, including all objections and defenses to the jurisdiction of this Court they may have asserted previously.

(b) The provisions of this Consent Judgment shall apply to the Parties and to each of their successors, assigns, agents, servants, employees, representatives, and all other persons or entities in active concert or participation with each of the Parties.

(c) Plaintiff and Defendant further agree that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of the Consent Judgment and for all other purposes.

## II.

## Effect of Entry of Decree

Upon approval and entry of this Consent Judgment by this Court, this Consent Judgment constitutes a final judgment between the Plaintiff and Defendant, in accordance with its terms.

## III.

## Injunctions

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that effective immediately, Vyas, alone or in concert with any other person or entity including, without limitation, his agents, employees, associates, affiliates, successors or assigns, and all persons acting in concert with them, are permanently enjoined and restrained from taking the following actions, directly or indirectly:

    (i)    (a) divulging, disclosing or communicating any and all items (whether physical or electronic) obtained from Harris or from any other source that contain, disclose, describe, embody or were derived, in whole or in part from, any confidential information as defined in paragraph 2 of the Restrictive Covenant Agreement (a copy of which is annexed hereto as Exhibit "A") ("Confidential Information") to any other person or entity; or (b) using any Confidential Information of Harris for Vyas's benefit or the benefit of any other person or entity other than Harris for any purpose (including, without limitation, in the solicitation of customers or prospective customers);

    (ii)    until April 12, 2014, the one year anniversary of Vyas's termination date with Harris:

    (a)    canvassing, calling upon, soliciting, responding or providing services to any customer for whom Vyas had, at any time during his employment with Harris (a) provided services, (b) direct responsibility for, or (c) knowledge of or access to any Confidential Information concerning the services performed by Harris for such customers, for the purpose of enticing, persuading, inducing or aiding such customer to retain or utilize the services of any business other than Harris which provides market research services, including, without limitation, survey data collection, survey data analysis, and brand, stakeholder and reputation consulting ("Market Research Services") or to withdraw, curtail, reduce or cancel any services being provided or pitched to such customer by Harris;

3

    (b)    canvassing, calling upon, soliciting, responding or providing services to any prospective customer for which Vyas had, at any time during his employment with Harris, (a) direct responsibility for identifying or developing, or (b) knowledge of or access to any Confidential Information concerning, the services to be provided to, or other Confidential Information received from, such prospective customer, for the purpose of enticing, persuading, inducing or aiding such prospective customer to retain or utilize the services of any business other than Harris which provides Market Research Services or to persuade such prospective customer not to do business with Harris;

    (c)    canvassing, calling upon, soliciting, responding or providing services to any vendor for the purpose of (i) enticing, persuading, inducing, or aiding such vendor to withdraw, curtail, reduce or cancel such vendor's business with Harris, or (ii) engaging, or attempting to engage, in any activity which in any way interferes with Harris's relationship with such vendor; or

    (d)    employing, or attempting to employ, any individual employed by Harris as of Vyas's termination date with Harris, on behalf of Vyas, or any person or entity that is, or is about to become, engaged in the business of providing Market Research Services, except for any employee whose employment was voluntarily terminated by Harris.

## IV.

### Dismissal of Action

Upon approval and entry of this Consent Judgment by this Court, this action shall be deemed dismissed with prejudice and without an award of attorneys' fees or costs to any party

## V.

### Enforcement

Any violation of the terms of this Consent Judgment shall form the basis for further enforcement proceedings including, but not limited to contempt of court proceedings. The parties agree that this Court shall retain jurisdiction of this action for the purpose of hearing and determining any enforcement proceedings.

## VI.

### Miscellaneous

(a) Nothing in this Consent Judgment creates, nor shall it be construed as creating, any claim in favor of any person not a party to this Consent Judgment.

(b) This Consent Judgment can be modified only with the express written consent of the Parties to the Consent Judgment and the approval of the Court.

(c) Each of the undersigned certifies that he or she is fully authorized to enter into the terms and conditions of this Agreement and to execute and legally bind such Party to this Consent Judgment.

## VII.

### Entry of Final Judgment

This Court finds that this Consent Judgment is fundamentally fair, just and reasonable and directs that this Consent Judgment be entered as a final judgment with respect to the claims against Defendant in the within action.

Dated: October 25, 2013

ACCEPTED AND AGREED TO:

HARRIS INTERACTIVE INC.

By: _____
Marc H. Levin
Chief Operating and Administrative
Officer & General Counsel
902 Broadway
New York, NY 10010
212-539-9585

CHIRAG VYAS

_____

REVIEWED:

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
Peter G. Goodman
250 Park Avenue, Suite 1900
New York, NY 10177
212-907-9700
Attorneys for Plaintiff
Harris Interactive Inc.

PANCHAL ASSOCIATES, LLP

By: _____
Jeremy Saks
120 West 45th Street, Suite 2802
New York, New York 10036
646-257-5289
Attorneys for Defendant
Chirag Vyas

SO ORDERED:

_____
John F. Keenan, U.S.D.J.

Dated: ~~November 5, 2013~~ November 5, 2013 (WR)